# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § | CRIMINAL NO. 6:07-CR-86-01 |
| | § | |
| GREGORY BERNARD JOHNSON | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On November 20, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Gregory Bernard Johnson. The government was represented by James Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by the court-appointed federal defender, Wayne Dickey.

Defendant originally pleaded guilty to Possession with Intent to Distribute Alprazolam, a Class E felony. The offense carried a statutory maximum imprisonment term of 3 years. The United States Sentencing Guideline range, based on a total offense level of 6 and a criminal history category of III, was 2 to 8 months. On July 17, 2008, U.S. District Judge Leonard Davis sentenced Defendant to 9 months and 14 days of imprisonment followed by a term of one year of supervised release, subject to the standard conditions of release, plus special conditions to include treatment for substance abuse. On May 1, 2009, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime. In its petition, the government alleges that Defendant violated his condition of supervised release by pleading guilty and being convicted of the following offenses: evading arrest, driving while license suspended, failing to report arrest within

72 hours, and testing positive for opiates.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by conviction for the offenses of evading arrest, driving while license suspended, failing to report arrest within 72 hours, and testing positive for opiates would constitute a Grade C violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend that Defendant serve 5 months in prison with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Gregory Bernard Johnson, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 5 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Beaumont, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 23rd day of November, 2009.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE